UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

TIMOTHY D. WILKINS,

Plaintiff,

v.

VARGAS, *Correctional Officer*;
GOMEZ, *Correctional Officer*;
GAMARENA, *Correctional Officer*,

Defendants.

Case No. 26-cv-1538-BAS-MSB

**ORDER:**
1. **DENYING MOTION TO PROCEED IN FORMA PAUPERIS, 28 U.S.C. § 1915(g) (ECF No. 2); AND**
2. **DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE, 28 U.S.C. § 1914(a)**

Plaintiff, Timothy D. Wilkins ("Wilkins" or "Plaintiff"), currently in custody at California State Prison, Los Angeles County and proceeding pro se, has filed a Complaint and a Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF Nos. 1, 2.) Wilkins alleges that while he was confined at Centinela State Prison Defendants violated his Eighth Amendment rights by failing to assign him to a bottom bunk and attempting to assign him to share a cellmate "known for attacking cellmates." (*See* ECF No. 1 at 3–4.) As discussed below, the Court denies Plaintiff's IFP motion and dismisses the case without prejudice.

1

26cv1538

## I.    IFP MOTION

### A.    Legal Standard

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.00, and those not granted leave to proceed IFP must pay an additional administrative fee of $55.00. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP:

> . . . if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that (they were) frivolous, malicious, or fail[ed] to state a claim,'" *Andrews*, 398 F.3d at 1116 n.1, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee," *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a

26cv1538

dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (citation omitted).

### B.    Plaintiff's Prior "Strikes"

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. Upon review of its own dockets and those of other federal courts, the Court finds that Plaintiff, Timothy D. Wilkins, CDCR #T-35723, has had at least three prior civil actions and appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* Fed. R. Evid. 201(b)(2); *Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1007 (9th Cir. 2023) (noting that courts may "'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue'" (citation omitted)). They include:

(1)    *Wilkins v. California, et al..,* Case No. 19-cv-2048 VAP (E), ECF No. 13 (C.D. Cal. May 9, 2019) (Order adopting Findings and Recommendations and dismissing action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1));

(2)    *Wilkins v. California, et al.*, Case No. 20-cv-0818-VAP (E), ECF No. 14 (C.D. Cal. Mar. 5, 2020) (Order adopting Findings and Recommendations dismissing civil action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1)); and

(3)    *Wilkins v. Smith, et al.*, Case No. 25-cv-6426-HSG, ECF No. 11 (N.D. Cal. Oct. 30, 2025), ECF No. 11 (Order dismissing action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1)).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" as defined by § 1915(g), he is not entitled to the privilege of proceeding IFP in this action unless he makes a "plausible allegation" that he faced imminent danger of

26cv1538

serious physical injury at the time he filed his Complaint. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status").

**C.     Imminent Danger of Serious Physical Injury**

In order to qualify for § 1915(g)'s exception, Plaintiff's pleading must contain a "plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055; *see also* 28 U.S.C. § 1915(g).

Here, Wilkins alleges he has a "chrono" requiring he be assigned to a bottom bunk. But when he arrived at Centinela State Prison, official attempted to assign him to a cell with an inmate who was already occupying the bottom bunk. Wilkins also states he had been told that the other inmate had a history of attacking cellmates. After Plaintiff notified staff he required a bottom bunk, he was moved to another cell later that day. *See* ECF No. 1 at 4–5. While Wilkins states he injured his back as a result of being forced to occupy the top bunk for a short time, he does not include any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

Accordingly, he is not entitled to proceed IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

26cv1538

## II.    CONCLUSION

For the reasons discussed above, the Court:

(1)    **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g).

(2)    **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $405.00 civil filing fee required by 28 U.S.C. § 1914(a).

(3)    **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a).

(4)    **DIRECTS** the Clerk of the Court to close the case.

**IT IS SO ORDERED.**

**DATED: April 13, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

5

26cv1538